# APPENDIX

## Notes of Cases Not Otherwise Reported.

---

THOMAS WATSON V. NELSON T. BURROUGHS AND N. S. BURROUGHS, et al., and BELLE BALDWIN, Appellant.

APPEAL. Where appellant's abstract does not purport to show all the evidence, and the appellee denies that it is all in the record, the case cannot be tried *de novo*.

*Same.* An amendment to an abstract, made after the case has been submitted on appeal, will not be considered unless filed on permission of the court, where the party has ample time to file it before submission, after discovering the necessity therefor.

*Appeal from Cherokee District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, JANUARY 20, 1898.

THE defendant (appellant) Belle Baldwin filed her cross-petition against Nelson T. Burroughs and others, asking an accounting between her and N. T. Burroughs; that a conveyance of the real estate described, by Byron H. Evers to Byron C. Evers, be declared fraudulent and void; that a certain judgment claimed to be owned by her be declared a first lien on said real estate; and that the same be subjected to the payment of said judgment. The petition of the plaintiff, Watson, was dismissed, and issues were joined upon said cross-petition; and after a trial a decree was rendered dismissing the same, from which said defendant Belle Baldwin appeals.— *Affirmed.*

*Cavanaugh & Thomas, E. R. Duffie,* and *A. R. Molyneux* for appellant.

*E. C. Herrick* and *W. L. Joy* for appellees.

GIVEN, J.—It is not questioned but that this case, if triable at all on this appeal, is triable *de novo*. Appellees insist that all the evi-

(715)

dence is not before this court, and that, therefore, the case cannot be tried *de novo*, but that the appeal must be dismissed. The case was submitted October 14, 1897, at which time the state of the record was as follows: September 15, 1896, appellant filed what is entitled "Appellant's Abstract of Record," but which is neither certified nor signed by either the appellant or her counsel, and does not purport to be an abstract of all the evidence offered and introduced. On April 15, 1897, appellees filed an additional abstract, making certain corrections to appellant's abstract, and in which they deny that the appellant's abstract and said additional abstract of the appellees together contain all the evidence offered or introduced on the trial. On May 27, 1897, appellant filed what is entitled "Appellant's Amendment to Abstract of Record;" setting out several pages of evidence, and stating that it is to correct an oversight in the preparation of her abstract. At the conclusion the following appeais: "The above and foregoing, together with appellant's original abstract filed herein, is all the evidence introduced or offered by the parties on the trial of the cause, and constitutes all the evidence in the case." This abstract and certificate do not purport to be signed by either appellant or her attorneys. On August 18, 1897, appellees filed their "second additional abstract," in which they reaffirm their former denial, and deny that the abstract on file showed all the evidence introduced or offered on the trial. It was upon this state of the record that the case was submitted October 14, 1894, and it will be observed therefrom that it does not appear that we have all the evidence offered and introduced on the trial. It is not questioned that, to try the case *de novo*, we must have all the evidence offered and introduced before us, and that, where it is made to appear that all the evidence is not before us, the appeal must be dismissed. After the submission of the cause, namely, October 15, 1897, appellant filed what is entitled "Amendment to Appellant's Abstract of Record," which was served on appellees October 16th. It is said in this amendment that it embraced certain exhibits which appellant considered wholly immaterial, and which she did not, therefore, set forth in her former abstract. This amendment contains some seventeen printed pages of evidence, in the form of exhibits, and concludes as follows: "The above and foregoing, together with the original abstract of the record and the appellant's first amendment thereto, contains all the evidence offered or received on the trial of the cause, and constitutes all the evidence in the case. [Signed.] E. G. Thomas, Attorney for Appellant." If this amendment be considered for any purpose, it certainly shows that at the time the cause was submitted we did not have all the evidence before us. Surely, in a case triable *de novo*, it is not for the appellant to withhold abstracting any part of the evidence because he may consider it immaterial. That is a question for the court to determine, and it is only upon all the evidence offered and introduced that this court can properly consider the case *de novo*.

It has been the uniform practice in this court not to consider matters filed after the submission of the cause, unless filed in pursuance of express permission of the court. Appellees' last denial was filed August 18th, thus affording to appellant ample time to have filed her amendment prior to the submission of the cause. As this amendment was not filed until after the submission, it cannot be considered, and therefore the case stands upon appellees' denial of August 18th, which shows that we did not have all the evidence before us at the time the cause was submitted. With this state of the record, we cannot consider the case *de novo*, and the appeal is therefore AFFIRMED.